Joseph W. Savage, Defendant in Error, *v.* John B. Allen *et al.*, Plaintiffs in Error.

*Justices' Courts—Set-off.*—In a suit before a justice to a set-off filed by defendant, plaintiff may show part payment of the claim set up by defendant.

*Error to St. Charles Circuit Court.*

Savage, defendant in error, sued the plaintiffs in error, John B. Allen and W. H. Conner, before a justice of the peace, on a promissory note for one hundred dollars. The defendant Conner was not served with process, nor was there any appearance entered for him before the justice, or in the Circuit Court, nor was there any dismissal as to Conner in either court, but the judgment of the justice is expressed to to be rendered against defendant Allen.

On the trial in the Circuit Court, the defendant introduced and proved the same set-offs which he had filed before the justice, to wit:

1. A written contract for rent tending to show an indebtedness of plaintiff to defendant Conner in the sum of forty dollars.

2. An affidavit of W. H. Conner describing a lost note executed by plaintiff to him for fifty dollars, together with a written assignment of said note to defendant Allen ; and thereupon plaintiff offered in rebuttal a contract made be-

tween Conner and the plaintiff for the cutting and delivery of certain wood, and an account of plaintiff against said Conner amounting to $17.50. Defendant objected to the introduction of this set-off against his set-off, but his objections were overruled by the court. Verdict and judgment for $82.02.

*Lewis & Alexander*, for plaintiffs in error.

I. A set-off against a set-off is wholly unknown to and unauthorized by law. It is in effect a new suit by plaintiff against defendant upon a demand of which the latter has had no lawful notice. If this is admissible, there can be no good reason why the defendant may not meet it with another set-off, and so on *ad infinitum.*

II. If the contract and account introduced by plaintiff had tended to show payment and satisfaction of defendant's set-off, or that in fact the latter was invalid from its inception, they might have been admissible. But they are wholly disconnected from defendant's claim, and constitute, if anything, a wholly independent subsisting demand, to be enforced by suit in proper form. It perhaps does not satisfactorily appear from the record whether Conner's rent contract had been assigned to defendant Allen, so that he might use it as a set-off on the trial. But whether that had been or not, the assignment of the lost note distinctly enough appears as a proper set-off, and against this the plaintiff was allowed to introduce his new demand against Conner—a demand which could not have been allowed as a set-off, even if the positions of the parties had been reversed, without proof that it accrued before Savage had notice of the assignment from Conner to Allen.

III. The statute authorizing set-offs before justices of the peace confines them wholly to demands held by the defendant against the plaintiff. (R. C. 1855, p. 941, § 13 *et seq.*)

BATES, Judge, delivered the opinion of the court.

This suit originated before a justice of the peace, where

judgment was given against the defendant, who appealed to the Circuit Court, where judgment was again given against him, and he has brought the case to this court by writ of error.

The suit was upon a note to which the defendant set up offsets, among which was a claim for *rent* due from the plaintiff to one Conner, and assigned by Conner to the defendant. The plaintiff offered and gave in evidence, in rebuttal of defendant's claim, an agreement by Conner to supply the plaintiff with firewood, and that if he did not do so the expense of procuring it should be deducted from the *rent*, and also such expense for getting firewood. The defendant objected to that testimony, but the particular ground of objection is not shown by the record, and now urges in this court as an objection to the testimony that it was an offset to an offset, which was in effect a new suit. If that objection had been properly saved it would not avail the plaintiff in error, because the matter given in evidence intended to show part payment of the defendant's offsets, and not another offset by the plaintiff.

Judges Bay and Dryden concur.